IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.                                                  ) | NO. CR-06-84-D |
| ) | NO. CIV-11-1195-D |
| PAUL PERAZA,                                   ) | |
| ) | |
| Defendant.       ) | |

**ORDER**

Before the Court is the Defendant's motion [Doc. No. 120] to vacate, set aside, or correct the sentence imposed herein on December 1, 2006. The government has filed its response to the motion, and Defendant filed a reply.

Background:

Defendant entered a guilty plea to Count I of the Indictment charging him with unlawfully obstructing, delaying and affecting commerce by robbery in violation of 18 U. S. C. § 1951(a) and aiding and abetting the commission of that crime, pursuant to 18 U. S. C. § 2. He was sentenced to 188 months imprisonment, to be followed by a supervised release term of three years, and directed to pay and restitution in the amount of $21,183.00, payable in monthly installments of the greater of $167.00 or ten percent of Defendant's gross monthly income, with payment to commence not later than 30 days following his release from imprisonment. Judgment and Commitment [Doc. No. 56]. Defendant appealed his sentence, and the Tenth Circuit Court of Appeals affirmed the Court's decision on July 9, 2007. *See United States v. Peraza,* 240 F. App'x 788 (10th Cir. 2007) (unpublished opinion). Defendant did not file a petition for a writ of certiorari with the United States Supreme Court.

Defendant now seeks § 2255 relief, arguing that the Court erroneously sentenced him as an armed career criminal based on the conclusion that an escape constituted a crime of violence. He contends that, pursuant to *Chambers v. United States*, 129 U.S. 687 (2009), his prior escape conviction does not constitute a crime of violence. Although he concedes that *Chambers* was decided after his conviction and sentence, he argues it has been retroactively applied by the Tenth Circuit in *United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009) (holding *Chambers* involved a new substantive rule and applying that rule retroactively to an appeal involving the Armed Career Criminal Act). Defendant contends that, under these decisions, he should not have been sentenced as a career offender, thus reducing the sentence imposed.

The government argues that, even if these decisions apply, Defendant cannot obtain relief pursuant to § 2255 because his motion is time barred. In reply, Defendant argues that the limitations period for filing his motion should be tolled.

Application:

The government correctly argues that, because Defendant did not file a petition for a writ of certiorari with the United States Supreme Court, his conviction became final for purposes of § 2255 on October 8, 2008, one year after the deadline for seeking Supreme Court review. 28 U. S. C. § 2255(f); *Clay v. United States,* 537 U.S. 522, 524-25 (2003). The decision in *Chambers* was issued on January 13, 2009, approximately three months after Defendant's conviction became final, and the Tenth Circuit decided *Shipp* on December 16, 2009. Defendant's § 2255 motion was not filed until October 24, 2011.

Defendant admits that his § 2255 motion is untimely, but asks the Court to toll the limitations period. As the government points out, equitable tolling is available only where a defendant

establishes 1) that he has pursued his rights diligently, and 2) that "some extraordinary circumstances stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). An inmate "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Id.*

The Court agrees with the government that Defendant has not satisfied his burden in this case. He argues only that he did not become aware of the Tenth Circuit's decision in *Shipp* to allow for a timely filing. As the government points out, an inmate's ignorance of the law is not sufficient to justify equitable tolling. *Cooley v. Medina*, 412 F. App'x 51, 53 (10th Cir. 2011) (citing *Cordle v. Guarino*, 428 F.3d 46, 49 (1st Cir. 2005) ("[I]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely habeas filing.")). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Although Defendant suggests that he did not have access to resources which would have allowed him to learn of these decisions earlier, this Circuit has rejected inmate claims regarding lack of law library access or a legal assistance program, without more, as sufficient bases for equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Defendant in this case has not demonstrated the extraordinary circumstances required to justify equitable tolling of the limitations period for seeking relief pursuant to § 2255.

<u>Conclusion:</u>

For the foregoing reasons, Defendant's motion for § 2255 relief [Doc. No. 120] is denied as untimely. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court also finds that a certificate of appealability should not issue. To obtain a certificate of appealability,

3

Defendant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). Defendant can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Defendant has failed to do so in this case.

IT IS SO ORDERED this 8th day of June, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE